UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12          4151

----------------------------------------------------------X

MICHELLE MCVORRAN and ASHLEY BROWN,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, AND "JOHN DOES 1-10"
FICTITIOUS NAMES INTENDED TO BE POLICE
OFFICERS, EMPLOYEES OF THE NEW YORK
CITY POLICE DEPARTMENT EACH
INDIVIDUALLY AND AS POLICE OFFICERS
OF THE NEW YORK CITY POLICE
DEPARTMENT,

                         Defendants.

----------------------------------------------------------X

Index No.:

COMPLAINT AND
JURY DEMAND

WEINSTEIN, J.

BLOOM, M.J

SUMMONS ISSUED

Plaintiffs, MICHELLE MCVORRAN and ASHLEY BROWN by and through their attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

1. This is an action for the wrongful acts of defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND POLICE OFFICER "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN allege that beginning on or about May 20, 2011 between 5:45 a.m. and 6:30 a.m., defendants committed wrongful and illegal acts against Plaintiffs, including wrongfully and with the use of excessive force entered Plaintiffs home, wrongfully entered the Plaintiffs' home without probable clause, wrongfully refused to show Plaintiffs a warrant, wrongfully assaulted the Plaintiffs, falsely arrested Plaintiffs, wrongfully imprisoned Plaintiffs, intentionally and/or negligently inflicted severe mental pain and anguish on Plaintiffs, negligence in the hiring and retaining of incompetent and unfit Officers, Detectives and Employees, negligence in the training and instruction, and supervision of its Officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C Section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiffs demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff MICHELLE MCVORRAN was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Plaintiff ASHLEY BROWN was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

9. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10. At all times relevant hereto, "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action, police officers employed by the new York City Police Department, and acting under the color of state law. Upon information and belief, "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 69th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City

Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiffs intend to discover.

13. At all times relevant hereto, the Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, intentional and/or negligent infliction of emotional distress of Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN.

## CONDITIONS PRECEDENT

16. On or about June 2, 2011, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN's Notice of Claim was duly filed with the Comptroller's Office of the City of New York; said Notice was filed within (90) days after the causes of action

accrued. More than (30) days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of.

17. On or about July 6, 2011, a 50-H hearing in the matter of the Claim of MICHELLE MCVORRAN and ASHLEY BROWN against THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT was held at 160 Broadway, New York, New York.

18. Plaintiffs have duly complied with all of the conditions precedent to the commencement of this action under the circumstances as set forth above.

## FACTUAL BACKGROUND

19. At all times relevant to this action, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN resided at 1221 East 102nd Street, Brooklyn, New York 11236.

20. At all times relevant to this action, Plaintiff MICHELLE MCVORRAN was forty-nine years of age.

21. At all times relevant to this action, Plaintiff ASHLEY BROWN was eighteen years of age.

22. That Plaintiff MICHELLE MCVORRAN is the mother of Plaintiff ASHLEY BROWN

23. That 1221 East 102nd Street, Brooklyn, NY, 11236 was a one-family semi-attached household with two stories, including one finished basement, and three entrances; it is located within the 69th Precinct.

24. On or about the morning of May 20, 2011, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were at their place of residence in their respective second-floor bedrooms.

25. Upon information and belief, on May 20, 2011, between 5:45 a.m. and 6:30 a.m., Defendant Officers of the New York City Police Department "JOHN DOES 1-10" broke the front door of 1221 East 102nd Street, Brooklyn, New York 11236 and entered the residence.

26. Thereafter, Plaintiff MICHELLE MCVORRAN was confronted at her bedroom door by one of the Defendant Police Officers "JOHN DOE," at gun point, and was ordered to turn around to be handcuffed.

27. Concurrently, one of the Defendant Police Officers "JOHN DOE" broke down Plaintiff ASHLEY BROWN's bedroom door, confronted her at gun point, and ordered her to get out of her bed.

28. Thereafter, Plaintiff ASHLEY BROWN was handcuffed with her hands behind her back by a different Defendant Police Officer "JOHN DOE."

29. Thereafter, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were taken downstairs to the couch in the living room.

30. That Defendant Police Officers "JOHN DOES 1-10" began to search the upstairs bedrooms and the basement while Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were restrained in the living room of the residence.

31. At no time did any of Defendants Police Officers "JOHN DOE 1-10" comply with plaintiff MICHELLE MCVORRAN's three requests to see or to be advised if there was a search warrant.

32. That on of Defendant Police Officers "JOHN DOES 1-10" replied that Plaintiff did not need to see a warrant.

33. Thereafter, a certain individual Police Officer "JOHN DOES 1-10"

transported Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN to the 69th Precinct.

34. That Plaintiff MICHELLE MCVORRAN requested that she not be separated from her daughter, and Plaintiffs were placed in "the juvenile section" of the Precinct.

35. That Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were handcuffed to a pole in the precinct.

36. That Plaintiff MICHELLE MCVORRAN and Plaintiff ASHLEY BROWN were searched, fingerprinted, and photographed at the 69th precinct.

37. As a direct and proximate result of Defendant's actions, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were detained against their will at the 69th Precinct.

38. Upon information and belief, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were transported to Central Booking at approximately 3:00 a.m. on May 21, 2011.

39. That the Kings County District Attorneys Office declined to prosecute the Plaintiffs and they were released from Central Booking.

40. As a direct and proximate cause of defendant's actions, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were deprived of their rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

41. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct

police officers, including the defendant police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

42. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

43. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

44. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to May 20, 2011, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
### (Defendant "JOHN DOES 1-10")

45. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-44 of this complaint, as though fully set forth therein.

46. On May 20, 2011 at 1221 East 102nd Street, Brooklyn, New York 11236 the defendants "JOHN DOES 1-10" without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force and affected the arrest of Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN such that Plaintiffs were injured.

47. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

48. By reason of the aforesaid, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN have suffered great psychological damage and pain, intimidation and fear, and conscious suffering, and were otherwise damaged.

49. The acts and conduct of defendants "JOHN DOES 1-10", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(Defendant "JOHN DOES 1-10")

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-49 of this complaint as though fully set forth therein.

51. The actions of defendant "JOHN DOES 1-10", a member of the New

York City Police Department, and under the color of state law, deprived Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN of their rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular her right to liberty, to be secure in her person and property, to due process under the law, and the concomitant right to be free from false arrest, false imprisonment, and the intentional and/or negligent infliction of emotional distress.

52. By these actions, the individual defendant has deprived Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN of their rights secured by the Fourth and Fourteenth Amendments to the Unites States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

53. As a result of the foregoing, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were deprived of their liberty, sustained great emotional injuries, was subject to great humiliation, lost wages, and were otherwise harmed, damaged and injured.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

54. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-53 of this complaint as though fully set forth therein.

55. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

56. These policies, practices and customs include, inter alia, wrongfully and with the use of excessive force in entering the Plaintiff's home and wrongfully and with

the use of excessive force in effecting the arrest of Plaintiffs.

57. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause her injury and violate her constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

58. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to

effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

59. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiffs herein.

60. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-59 deprived Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN of their rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

61. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-65 deprived Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN of their rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from the excessive use of physical force to enter their home, and the intentional and/or negligent infliction of emotional distress.

62. By these actions, defendant CITY OF NEW YORK has deprived Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN of their rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

63. As a result of the foregoing, the Plaintiffs have sustained great emotional injuries, lost ages, have been subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### FOURTH: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

64. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-63 of this complaint and though fully set forth therein.

65. Defendants CITY OF NEW YORK, and "JOHN DOES 1-10", under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN, denying them the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to them by the Constitution, including the rights to be free from excessive force.

### FIFTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

66. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-65 of this complaint as though fully set forth herein.

67. The injuries incurred by Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN were due to the negligence of the defendants "JOHN DOES 1-10" and the City of New York.

68. As a result of the foregoing, the Plaintiffs have sustained great emotional injuries, lost wages, and were subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MICHELLE MCVORRAN and ASHLEY BROWN requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
August 18, 2012

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100